NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 31 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NIDIA GEORGINA AGUILAR RAMIREZ; JHONATAN ARIEL MIRANDA AGUILAR, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 17-71060 <br><br> Agency Nos. A208-123-050 <br> A208-123-051 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2022[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and TALLMAN, Circuit Judges.

Nidia Aguilar Ramirez seeks review of the Board of Immigration Appeals

("BIA") decision dismissing her appeal of the Immigration Judge's ("IJ") denial of

asylum, withholding of removal, and protection under the Convention Against

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Torture ("CAT"), for herself and her son, Jhonatan Miranda Aguilar, as a derivative beneficiary. We have jurisdiction under 8 U.S.C. § 1252(a)(1). "When, like here, the BIA issues its own decision but adopts particular parts of the IJ's reasoning," *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020), we review "the reasons explicitly identified by the BIA" and "the reasoning articulated in the IJ's oral decision in support of those reasons," *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (citation omitted). We deny the petition for review.

Substantial evidence supports the BIA's conclusion that the harm Aguilar suffered did not rise to the level of past persecution. Aguilar described men following her and making sexually suggestive comments such as, "oh mommy, mamacita … sweet thing, where are you going? I wish I was the clothes that you're wearing." This harassing conduct was undoubtedly frightening, but it does not meet the high threshold of establishing past persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (defining "persecution" as "an extreme concept that means something considerably more than discrimination or harassment" (citation omitted)). None of Aguilar's harassers made physical contact with her, nor did she endure "repeated, specific" threats. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). In sum, the record does not compel a result contrary to the agency.

Likewise, substantial evidence supports the BIA's conclusion that, because Aguilar could reasonably relocate outside of her hometown in Mexico, she did not

meet her burden of establishing a well-founded fear of future persecution. Because the IJ found that Aguilar had not established past persecution, the burden remained on her to show "that it would not be reasonable … to relocate." 8 C.F.R. § 1208.13(b)(3)(i). Nothing in the record compels us to conclude that the agency erred in finding that Aguilar had not met that burden. *See Jiang v. Holder*, 754 F.3d 733, 737 (9th Cir. 2014), *overruled on other grounds by Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc). The BIA properly considered the relevant factors, including the absence of evidence that gang members had any influence outside of Aguilar's hometown, Lagunillas, the fact that Aguilar had previously lived outside of Lagunillas for decades, and the fact that multiple members of Aguilar's family live outside of Lagunillas.

Finally, substantial evidence supports the BIA's conclusion that Aguilar "has not met her burden of establishing that it is more likely than not she will be subject to torture that is 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity' if returned to Mexico." On appeal, Aguilar notes that the IJ "dismissed the CAT application in two sentences," arguing that this violated due process (and was unsupported by substantial evidence). Yet the BIA devoted substantial analysis in considering Aguilar's CAT application and rejected the application on its merits. While Aguilar argues that the IJ's terse finding "g[ave] the B[IA] little to review,"

the BIA undertook its own analysis of the record.

**PETITION DENIED.**